(Reap. Dec. 11060)

INTERNATIONAL PACKERS, LIMITED *v.* UNITED STATES

Entry No. 724712.

(Decided September 15, 1965)

*Barnes, Richardson & Colburn* for the plaintiff.
*John W. Douglas,* Assistant Attorney General, for the defendant.

DONLON, Judge: This appeal for reappraisement has been submited for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the above-entitled appeal for reappraisement is limited to Swift's Premium Brisket Beef 12/2 lbs canned meat products exported from Argentina during the period January 1, 1959 to and including December 31, 1959 and is abandoned as to all other merchandise.

That the issues are similar in all material respects to the issues involved in *International Packers Limited* vs. *United States,* Reap. Dec. 10696 and that the record therein may be incorporated in the record of this appeal.

That the involved merchandise was entered or withdrawn from warehouse for consumption after the effective date (February 27, 1958) of the Customs Simplification Act of 1956 (Public Law 927, 84th Congress, T.D. 54165).

That the merchandise described on Schedule "B" hereto attached and made a part hereof is identified on the Final List published by the Secretary of the Treasury pursuant to the said Simplification Act (T.D. 54521).

That the said merchandise was accordingly appraised under Section 402a of the Tariff Act of 1930, as amended.

That on or about the dates of exportation such or similar merchandise was not freely offered for sale for home consumption in Argentina or for export to the United States.

That the appraiser, in computing United States value under Section 402a(e), included as an element of such value an amount paid by the exporter as so-

called Argentine retention tax; that the period of exportation and the appraised and claimed United States values, per dozen tins, net packed, of the merchandise within the respective exportation period, are as recited in Schedule "B", annexed to and made a part of this stipulation; that the allowance for the so-called Argentine retention tax, and the adjustment for difference in duty resulting from the allowance thereof, represent the difference between the appraised and claimed value.

That the said Argentine export charge involved in the present appeal was imposed or exacted pursuant to the same Argentine decrees, or other Argentine legal authorities, that were construed by the court in the incorporated case.

That this appeal for reappraisement is submitted for decision on the incorporated record and this stipulation.

Accepting this stipulation as an agreed statement of facts and on authority of the decision cited therein, I find and hold that United States value, as defined in section 402a(e) of the Tariff Act of 1930, renumbered by the Customs Simplification Act of 1956 (T.D. 54165), is the proper basis for determining value of the Swift's Premium Brisket Beef 12/2 pounds canned meat, exported from Argentina during the period January 1, 1959, through December 31, 1959, described on the invoice of the entry covered by this appeal for reappraisement and that such values per dozen tins, net packed, are the respective values shown as plaintiff's claimed values on schedule "B," attached to and made a part of this decision, for that product in the sizes of container as described on the invoices and stated in each entry and recited in said schedule "B," during those periods which correspond to the time of exportation of the Swift's Premium Brisket Beef 12/2 pounds canned meat covered by this appeal for reappraisement.

As to all other merchandise, this appeal for reappraisement is dismissed.

Judgment will be entered accordingly.